**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JAMAR M. AVENT,

    Plaintiff,                                    Case No. 3:19-cv-00436

v.

DIVERSIFIED CONSULTANTS, INC.,

    Defendant.

                                                                          /

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NOW COMES** Jamar M. Avent ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of Diversified Consultants, Inc. ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and violations of the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statutes §559.55.

**JURISDICTION AND VENUE**

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law FCCPA claim under 28 U.S.C.§1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business and is headquartered in the Middle District of Florida.

## PARTIES

5. Plaintiff is a natural person over 18-years-of-age and is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a debt collection agency with its principal place of business located at 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, Florida. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and telephone, including consumers in the State of Illinois. According to its website, Defendant "is a full-service collection agency" with its primary purpose to collect consumer debts owed or allegedly owed to others.[1]

## FACTS SUPPORTING CAUSES OF ACTION

7. Prior to the events giving rise to this cause of action, Plaintiff obtained a wireless account with Sprint ("subject debt").

8. Sometime thereafter, Plaintiff cancelled the account with the belief it was paid in full. Sprint alleged there was an outstanding balance, and Plaintiff subsequently defaulted on the subject debt.

9. Afterward, Defendant acquired the right to collect on the subject debt.

---

[1] https://www.dcicollect.com/diversified-consultants-solutions-page/

10. Around October 2018, Defendant began placing collection calls to Plaintiff's cellular telephone number (678) XXX-6231, in an attempt to collect on the allegedly defaulted subject debt.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, possessor, and operator of the cellular telephone ending in 6231.

12. Immediately after the calls began, Plaintiff answered a call to his cellular phone from Defendant. During this call Plaintiff informed Defendant that its calls were not welcome, and asked Defendant to stop calling his cellular phone.

13. Plaintiff answered numerous calls, and on each call he requested that Defendant cease calling his cellular phone.

14. Notwithstanding Plaintiff's numerous requests that Defendant's collection calls cease, Defendant continued to place calls to Plaintiff's cellular phone.

15. Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

16. In total, Defendant placed or caused to be placed no less than 31 harassing phone calls to Plaintiff's cellular telephone from October 2018 through the present day, with calls taking place on back to back days, and multiple calls in one day.

17. In the calls that Plaintiff did answer, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's automated telephone system attempted to connect Plaintiff to a live agent.

18. Specifically, there would be an approximate 2 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

19. Moreover, Plaintiff also hears what sounds to be call center noise in the background of Defendant's calls.

20. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using an automated telephone dialing system, a telephone dialing system that is commonly used in the debt collection industry to collect defaulted debts.

## DAMAGES

21. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

22. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the incessant phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

23. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

24. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff restates and realleges paragraphs 1 through 24 as though fully set forth herein.

26. Defendant placed or caused to be placed non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without his prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

27. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

28. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an automated dialing system to place calls to Plaintiff's cellular telephone.

29. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

30. Any prior consent, if any, was revoked by Plaintiff's numerous verbal revocations.

31. Defendant violated the TCPA by placing no less than 31 phone calls to Plaintiff's cellular telephone from October 2018 through the present day, using an ATDS without his prior consent.

32. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

33. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

34. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

35. The calls placed by Defendant to Plaintiff were regarding business activities and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

36. Defendant, through its agents, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

37. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and

knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, JAMAR M. AVENT, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Enjoining Defendant from further contacting Plaintiff; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

38. Plaintiff restates and realleges paragraphs 1 through 37 as though fully set forth herein.

39. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

40. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

41. Moreover, Defendant is a "debt collector" because it acquired rights to the debt after it was in default. 15 U.S.C. §1692a(6).

42. The debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

43. Defendant used the phone to attempt to collect the debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

44. Defendant's communications to Plaintiff were made in connection with the collection of the debt.

45. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5), f, and f(1) through its unlawful debt collection practices on a debt that never belonged to Plaintiff.

    a. **Violations of FDCPA § 1692c**

46. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop on numerous occasions. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone over and over after he demanded that it cease contacting him was harassing and abusive. Even after being told to stop contacting him, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into making a payment on the subject debt.

47. Furthermore, Defendant has relentlessly called Plaintiff on no less than 31 occasions. This volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him into submission.

48. Defendant was repeatedly notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to him.

    b. **Violations of FDCPA § 1692d**

49. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on

the subject debt. Moreover, Defendant continued placing the relentless calls after Plaintiff put Defendant on notice that its calls were not welcome on numerous occasions.

50. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Furthermore, Defendant continued to place these calls after Plaintiff informed Defendant its calls were no longer welcome. Specifically, Defendant placed or caused to be placed no less than 31 harassing phone calls to Plaintiff's cellular telephone from October 2018 through the present day, using an ATDS without his prior consent, with calls taking place on back to back days.

    c.  **Violations of FDCPA § 1692f**

51. Defendant violated §1692f and f(1) when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff after Plaintiff requested that the calls stop. By placing voluminous phone calls after becoming privy to the fact that its collection calls were not welcome is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

52. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant harassing phone calls.

53. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

54. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff JAMAR M. AVENT respectfully requests that this Honorable Court:

   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

   b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

   c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

   d. Award any other relief as the Honorable Court deems just and proper.

### COUNT III – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

55. Plaintiff restates and reallages paragraphs 1 through 54 as through fully set forth herein.

56. At all times relevant to this Complaint, Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by Florida Statutes § 559.55(8).

57. At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

58. At all times relevant to this Complaint, Defendant was and is a "person" as said term is defined under Florida Statute §1.01(3) and is subject to the provisions of Fla.Stat. § 559.27 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. §559.72 because said provision applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla.Stat. § 559.51(1).

59. At all times material hereto, the debt in question was a "consumer debt" as said term is defined under Florida Statute § 559.55(6).

60. Defendant violated section 559.72(7) of the FCCPA through its unlawful conduct.

### a. Violations of FCCPA § 559.72(7)

61. A person violates section 559.72(7) of the FCCPA when it willfully communicates with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

62. Defendant violated section 559.72(7) of the FCCPA when it placed repeated harassing telephone calls to Plaintiff after Plaintiff informed Defendant calls were not welcomed and asked Defendant to stop calling him. Ignoring Plaintiff's request, Defendant placed no less than 31 calls to Plaintiff's cellular phone.

**WHEREFORE**, Plaintiff JAMAR M. AVENT requests that this Honorable Court:

    a. Enter judgment in Plaintiff's favor and against Defendant;
    b. Award Plaintiff her actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;
    c. Award Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;
    d. Award Plaintiff and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);
    e. Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77; and
    f. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: April 17, 2019　　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　/s/ Alexander J. Taylor
　　　　　　　　　　　　　　　　　　　　　　Alexander J. Taylor, Esq.
　　　　　　　　　　　　　　　　　　　　　　Florida Bar No. 1013947
　　　　　　　　　　　　　　　　　　　　　　Sulaiman Law Group, Ltd
　　　　　　　　　　　　　　　　　　　　　　2500 S Highland Ave, Suite 200
　　　　　　　　　　　　　　　　　　　　　　Lombard, IL 60148
　　　　　　　　　　　　　　　　　　　　　　Telephone: (630) 575-8181
　　　　　　　　　　　　　　　　　　　　　　Facsimile: (630) 575-8188
　　　　　　　　　　　　　　　　　　　　　　ataylor@sulaimanlaw.com
　　　　　　　　　　　　　　　　　　　　　　*Attorney for Plaintiff*